IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY a/s/o
CHRIS and TRACEY GARLING,

        Plaintiff,

v.                                 Case No.  23-2083-JWB

NEW HORIZONS RV CORP., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Spyder Controls Corp.'s motion to dismiss for lack of personal jurisdiction.[1]  (Doc. 20.)  The motion is fully briefed and ripe for decision. (Docs. 60, 66.)  The motion is GRANTED for the reasons stated herein.

**I.   Facts**

In March 2017, Chris and Tracey Garling paid Defendant New Horizons to manufacture a custom luxury fifth-wheel recreational vehicle (the "RV").  New Horizons is a Kansas corporation that is in the business of designing, manufacturing, marketing, and selling custom luxury RVs for use in Kansas and elsewhere.  (Doc. 73 at 1–2.)  New Horizons designed and manufactured the 2018 New Horizons RV for the Garlings and it was completed in late October 2017.  One component of the RV was a Multi Plexing Control Kit with a 4.3 touchscreen (the "Control Kit").  The Control Kit was manufactured by Spyder, a Canadian corporation with its principal place of business in Alberta, Canada.  (*Id.* at 1, 3.)  Spyder sold the Control Kit to

---

[1] After the motion to dismiss was filed, Plaintiff filed an amended complaint.  (Doc. 73.)  The new factual allegations contained in the amended complaint were thoroughly addressed in the parties' briefing on the motion to dismiss. Therefore, the court finds that the filing of the amended complaint did not moot the motion.

Defendant Firefly, an Indiana limited liability company in the business of selling custom electronic control systems and associated components. (*Id.* at 3.) The Control Kit was delivered to Firefly in Indiana. (Doc. 20-1, Letniak Aff. ¶¶ 14–15.) In October 2017, New Horizons purchased the Control Kit from Firefly and incorporated the product into the RV. (Doc. 73 at 3.)

Spyder's business includes designing, manufacturing, and selling circuit boards and other electronic components for vehicles and equipment in the recreational vehicle, marine, specialty vehicle, and heavy equipment industries. (Doc. 20-1 ¶ 6.) Spyder designs and manufactures its products in Canada. Spyder has a website which markets its products and services to customers in North America. The website also includes an online store for customers to order display upgrades, replacement parts, and other accessories for the control systems. (Docs. 60 at 2, 66 at 1, 73 at 3.) Spyder has not registered to do business in Kansas, it does not have a place of business in Kansas, and it does not have any employees or a registered agent in Kansas. Spyder has not sold a Control Kit to anyone in Kansas nor has it sold any products to New Horizons. (Doc. 20-1 ¶ 16.) Spyder has sold electronic components to Cobalt Boats in Neodesha, Kansas. Those components are made specifically for use in motorboats and are "completely different" from the RV components in this case. (Doc. 66-2 at 2.)

On June 20, 2021, the Garlings were using the RV in Kennewick, Washington, when a fire spontaneously ignited due to an alleged defect in the Control Kit. The fire destroyed the RV and the Garlings' personal property. The Garlings maintained an insurance policy with Plaintiff that provided coverage for their losses. Plaintiff made payments to or on behalf of the Garlings for the damages they sustained in an amount exceeding $300,000. Plaintiff now brings claims against Spyder, New Horizons, and Firefly under Kansas state law alleging product liability claims. Spyder has moved to dismiss on the basis that this court lacks personal jurisdiction over it.

**II.     Standard**

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction.  *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  If a defendant challenges the jurisdictional allegations, such as Spyder has done here, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts."  *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Spyder's affidavit, "the allegations in the complaint must be taken as true."  *Id.* (citing *Intercon. Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007).  Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted).  Therefore a "court may exercise personal jurisdiction over a nonresident defendant only

so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite contact may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state corporation's "continuous and systematic" contacts with the forum state. *Id.* at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

### III.   Analysis

Plaintiff argues that Spyder's conduct subjects it to specific jurisdiction in this forum under the stream of commerce theory. Essentially, Plaintiff argues that Spyder's actions in placing the product in the stream of commerce subjects it to personal jurisdiction. Spyder contends that it cannot be subject to personal jurisdiction for merely placing the product into the stream of commerce without any additional conduct directed at Kansas. Spyder further argues that its sales to Cobalt are not sufficient because they are not the product at issue and that its website cannot subject it to personal jurisdiction in the state.

Although the Tenth Circuit has yet to set forth a specific standard to analyze personal jurisdiction based on the stream of commerce theory, it has recognized under the most recent Supreme Court decision involving stream of commerce that "personal jurisdiction [does] not exist simply because of a defendant's awareness that its products could, through stream of commerce,

4

end up in the forum State." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 843 (10th Cir. 2020) (discussing *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (plurality opinion of Kennedy, J.)   Rather, the Tenth Circuit "has followed the Supreme Court in requiring a particular focus by the defendant on the forum State to satisfy the purposeful-direction requirement." *Id.*

In this district, courts have required that some additional minimum contacts exist that reflect a defendant's purposeful direction of his activities toward the forum state. *See Conejo v. Coleman Cable, LLC*, No. 14-1424-JTM, 2016 WL 775744, at *3–4 (D. Kan. Feb. 25, 2016) (quoting *Eaves v. Pirelli Tire, LLC*, No. 13-1271-SAC, 2014 WL 1883791, at *14 (D. Kan. May 12, 2014) (discussing factors such as the "defendant's direction or control over the flow of the product into the forum, [and] the quantity of the defendant's particular product regularly flowing into the forum. . . .")   Other courts in the Tenth Circuit also require some additional contact other than merely placing the product in the stream of commerce. *See Moore v. Elec. Mktg., LLC*, No. CIV-21-836-D, 2022 WL 17960773, at *3 (W.D. Okla. Dec. 27, 2022) (citing cases).

While Plaintiff recognizes that merely placing the Control Kit into the stream of commerce by selling it to Firefly is not enough to establish personal jurisdiction, Plaintiff fails to point to any facts that would support a finding that Spyder purposefully directed activities at Kansas with respect to the product at issue.   Rather, Plaintiff argues that Spyder's actions in selling a different product to Cobalt is sufficient.   It is not.   Spyder's relationship with Cobalt is insufficient to establish jurisdiction. *See Sentry Ins. a Mut. Co. v. TPI Corp.*, No. 20-1004-SAC-TJJ, 2020 WL 7714406, at *3 (D. Kan. Dec. 29, 2020) (citing *Bristol-Myers*, 137 S. Ct. at 1781).   Notably, Plaintiff fails to cite to any authority in support of this position. (Doc. 60 at 8–9.)

5

Further, to establish personal jurisdiction, not only does Plaintiff have to show that Spyder directed its activities towards Kansas, but Plaintiff must show that its claims arise out of Spyder's contacts with Kansas. *See Butler v. Daimler Trucks N.A., LLC*, 433 F. Supp. 3d 1216, 1232–33 (D. Kan. 2020) ("[A]ny exercise of specific jurisdiction must be based on [the defendant's] suit-related contacts with Kansas.")  Plaintiff cannot do so.  It is undisputed that Defendant manufactured the Control Kit in Canada and sold it to Firefly in Indiana.  There is no evidence that Defendant had any involvement in the sale from Firefly to New Horizons.  Spyder's relationship with Cobalt does not support a finding of personal jurisdiction here because the product at issue is different, and, although Plaintiff attempts to argue that the product is very similar, Plaintiff provides no evidence of this.  Simply put, Plaintiff fails to put forth any evidence that Spyder's Kansas-related contacts were either "in the causal chain leading to the plaintiff's injury" or "relevant to the merits of the plaintiff's claim." *Sentry Ins*., 2020 WL 7714406, at *3 (quoting *Tomellari v. MEDL Mobile, Inc*., 657 Fed. App'x. 793, 796 (10th Cir. 2016)).

Plaintiff further argues that Spyder's website is sufficient to establish personal jurisdiction. The Tenth Circuit has held that "maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc*., 896 F. Supp. 2d 1049, 1060 (D. Kan. 2012) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011)).  With respect to a website, there must be evidence that Spyder "actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum." *Id.*  Plaintiff has failed to introduce such evidence. Therefore, Spyder is not subject to personal jurisdiction simply because it operates a website which is accessible to Kansas residents.

Even though Plaintiff has been provided an opportunity to obtain discovery related to this issue, Plaintiff has failed to put forth any evidence from which this court could find that Spyder "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472. Therefore, this court lacks personal jurisdiction over Spyder.

**IV.  Conclusion**

Defendant Spyder's motion to dismiss for lack of personal jurisdiction (Doc. 20) is GRANTED.

IT IS SO ORDERED.  Dated this 7th day of November 2023.

                                                    __s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE