IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY a/s/o
CHRIS and TRACEY GARLING,

        Plaintiff,

v.                                                                                                       Case No.  23-2083-JWB

NEW HORIZONS RV CORP., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration.  (Doc. 85.)  The motion is fully briefed and ripe for decision.  (Docs. 87, 88.)  The motion is DENIED for the reasons stated herein.

**I.**        **Facts and Procedural History**

This case involves a fire which destroyed an RV owned by Chris and Tracey Garling.  The RV was manufactured by Defendant New Horizons in Kansas.  New Horizons purchased a Multi Plexing Control Kit with a 4.3 touchscreen (the "Control Kit") from Defendant Firefly, an Indiana limited liability company.  The Control Kit was manufactured by Spyder, a Canadian corporation with its principal place of business in Alberta, Canada.  The Control Kit was delivered to Firefly in Indiana. (Doc. 20-1, Aff. of Curtis Letniak ¶¶ 14–15.)

Plaintiff Progressive brought this action against New Horizons, Firefly, and Spyder alleging product liability claims.  Spyder moved to dismiss on the basis that this court lacks personal jurisdiction over it.  In support of the motion, Spyder submitted evidence that it manufactures its products in Canada.  (*Id*. ¶ 6.)  Spyder has not registered to do business in Kansas,

1

it does not have a place of business in Kansas, and it does not have any employees or a registered agent in Kansas. Spyder has not sold a Control Kit to anyone in Kansas nor has it sold any products to New Horizons. (*Id.* ¶ 16.) Spyder has sold electronical components to Cobalt Boats in Neodesha, Kansas. Those components are made specifically for use in the motorboats and are "completely different" from the RV components in this case. (Doc. 66-2 at 2.)

The court granted the motion to dismiss, finding that this court lacked personal jurisdiction over Spyder. The court held that Plaintiff failed to establish that its claim arose out of Spyder's activities in Kansas. Plaintiff now moves for reconsideration.

**II.     Standard**

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court does not consider issues that have already been addressed or arguments that could have been raised. *Id.*

**III.    Analysis**

Plaintiff argues that the court erred in finding that the court lacks personal jurisdiction over Spyder in that Spyder failed to submit an "affidavit indicating that the control systems sold to Cobalt were in any way materially different from the control systems that Spyder expected or knew would end up installed in RVs in Kansas." (Doc. 85 at 1–2.) As noted in its prior order, this evidence was contained in Spyder's interrogatory responses which were verified by the President of Spyder. (Doc. 84 at 2) (citing Doc. 66-2 at 2.) As such, it was admissible evidence that could be considered by the court.[1] Nevertheless, Plaintiff failed to make any showing that Spyder's

---

[1] Notably, Plaintiff attached the same interrogatories in support of its response. (Doc. 60 at 21.)

2

electronical components sold to Cobalt Boats in Kansas are related to the injury at issue here such that the court could conclude that Plaintiff's injury arose out of these contacts.

Plaintiff further argues that the court should allow further discovery relating to the components put in both the Cobalt and New Horizons products to determine whether the internally failed component was the same even though the interrogatory responses stated that the products were completely different. (Doc. 85 at 2.) Notably, Plaintiff's response to Spyder's motion to dismiss did not seek further discovery on jurisdictional issues or ask for a stay on the ruling pending discovery and, instead, argued that this court had personal jurisdiction over Spyder. (*See* Doc. 60.) Plaintiff could have raised this issue at that time and failed to do so. It is not appropriate on a motion for reconsideration "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Further, had Plaintiff wanted to explore this issue with a deposition as Plaintiff now contends, Plaintiff could have sought to take the deposition earlier in discovery. The motion to dismiss based on lack of personal jurisdiction was filed in April 2023 and the parties had been engaged in discovery for several months prior to this court's order on the motion in November. (Doc. 84.)

Finally, Plaintiff asserts that this court failed to consider *Colaw v. A-1 Mktg., Inc.*, No. 04-4055-RDR, 2005 WL 2105984, at *2–3 (D. Kan. Aug. 31, 2005). (Doc. 85 at 2.) Plaintiff cited this case for the proposition that "the deliberate, although perhaps indirect, introduction of products into the stream of commerce with the expectation of distribution in particular areas may be enough to satisfy the minimum contacts/purposeful availment test." (Doc. 60 at 5–6.) Plaintiff asserts that the placing of the product into the stream of commerce with the expectation that it may end up in Kansas is sufficient. Plaintiff, however, fails to acknowledge the additional language in *Colaw* and the authority cited by this court, that "[a]dditional conduct is generally required to indicate an

3

intent or purpose to serve the market in the forum State." *Colaw*, 2005 WL 2105984, at *3 (internal quotations and citation omitted); *see also XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 843 (10th Cir. 2020).  "A defendant's mere awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 112 (1987)).  Plaintiff's allegation that Spyder had knowledge that its products could end up in Kansas is not sufficient to establish personal jurisdiction in this matter.

Plaintiff has failed to show that this court erred in its decision.

**IV.   Conclusion**

Plaintiff's motion for reconsideration (Doc. 85) is DENIED.

IT IS SO ORDERED.  Dated this 7th day of  December 2023.

\_\_ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE