IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN INSURANCE COMPANY
a/s/o CHRIS and TRACEY GARLING,

      Plaintiff,

v.                                              Case No. 23-2083-JWB

NEW HORIZONS RV CORP., et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant New Horizons RV Corporation's motion for summary judgment and memorandum in support. (Docs. 91, 92.) Plaintiff failed to file a response and the time for doing so has now passed. Defendant's motion is GRANTED for the reasons stated herein.

**I.   Facts**

In March 2017, Chris and Tracey Garling paid Defendant New Horizons to construct a custom luxury fifth-wheel recreational vehicle (the "RV"). (Doc. 73 at 1–2.) One component of the RV was a Multi Plexing Control Kit with a 4.3 touchscreen (the "control board"). The control board was manufactured by Spyder, a Canadian corporation with its principal place of business in Alberta, Canada. (*Id.* at 1, 3.) Spyder sold the control board to Defendant Firefly, an Indiana limited liability company in the business of selling custom electronic control systems and associated components. (*Id.* at 3.) Firefly's website represents that it develops customized products and that each system is custom-made. (Doc. 92-4.) Firefly marked the control board with its branding. (Doc. 92-1, 92-2 at 14.)

1

In October 2017, New Horizons purchased the Control Kit from Firefly. (Doc. 73 at 3.) New Horizons did not manufacture the control board and believed that Firefly manufactured the control board. (Doc. 92-1.) New Horizons installed the control board in the RV. New Horizons informed the Garlings that the control board is a component part that is warrantied by Firefly, not New Horizons. (Doc. 92-1.) The Garlings took possession of the RV in October 2017. (Doc. 73 ¶ 23.)

On June 20, 2021, the Garlings were using the RV in Kennewick, Washington, when a fire spontaneously ignited due to an alleged defect in the control board. The fire destroyed the RV and the Garlings' personal property. The Garlings maintained an insurance policy with Plaintiff that provided coverage for their losses. Plaintiff paid the claim under the policy and now claims damages against Defendants of $350,218.41. (Doc. 92-3 at 4.) Defendant Firefly has disclosed that it has an insurance policy in place with a $1 million limit of liability. (Doc. 92-5, 92-6.)

An inspection of the RV was conducted by Scott Roberts, an expert fire investigator, and Samuel Shuck, an electrical engineer. (Doc. 92-2.) The inspection confirmed to a reasonable degree of engineering and scientific probability that the fire originated in the control board and the control board failed due to a manufacturing defect. (*Id.* at 21.) At the time the RV was constructed by New Horizons and sold to the Garlings, New Horizons was not aware of the defect in the control board. (Doc. 92-1.) The defect was not visible and would not have been altered during the installation. New Horizons exercised reasonable care in installing the control board in the RV and did not discover the defect during the installation. (*Id.*)

Plaintiff filed this action against Spyder, New Horizons, and Firefly under Kansas state law alleging product liability claims. Spyder was previously dismissed from this action on the basis that the court lacked personal jurisdiction against it. (Doc. 84.) New Horizons now moves for

2

summary judgment on the claims against it.  Plaintiff has not responded to the motion.[1]  Although this court's local rules provide that a party's failure to respond to a motion results in the motion being granted as uncontested, the court cannot grant a dispositive motion based solely on Plaintiff's failure to respond.  *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).  The court will therefore address Defendant's arguments on the merits.

## II.     Standard

Summary judgment is appropriate if the moving parties demonstrate that there is no genuine dispute as to any material fact and the movants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.  *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006).  The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party.  *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).  Failure to properly controvert a proposed fact that is properly supported will result in a determination that the fact is admitted.  *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008) (internal quotation and citation omitted).  As Plaintiff did not file a response, all properly supported facts have been deemed admitted.

## III.    Analysis

Plaintiff's amended complaint against New Horizons alleges claims of strict liability, negligence, negligent failure to warn, and breach of express and implied warranties.  (Doc. 73.)  All claims are related to defects in the control board.  Under the Kansas Product Liability Act

---

[1] After the motion was initially filed, Plaintiff sought and was granted a significant extension of time to file a response so that Plaintiff could conduct discovery on the issues raised in the motion.  (Docs. 98, 99.)  Although the record reflects that the parties have been engaged in discovery, Plaintiff's response was due March 6 but no response has been filed.

("KPLA"), all products liability actions, regardless of theory, are merged into one product liability claim. K.S.A. § 60-3302(c). As relevant here, the KPLA provides that certain sellers are not liable for defects in a product. K.S.A. § 60–3306. New Horizons moves for summary judgment on the basis that it is not liable under § 60-3306, a defense known as the innocent seller defense. To succeed, New Horizons must establish the following:

> (a) such seller had no knowledge of the defect;
> (b) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;
> (c) the seller was not a manufacturer of the defective product or product component;
> (d) the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and
> (e) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

*Id.*

Turning to the elements, the court finds that the undisputed facts show that New Horizons is entitled to judgment. The undisputed evidence shows that New Horizons had no knowledge of the defect at the time it installed the control board in the RV. The defect was not visible to New Horizons and was not discovered when the product was installed into the RV. Therefore, the first two elements have been met.

With respect to the question of whether New Horizons is a manufacturer, Kansas law defines manufacturer as a "product seller who designs, produces, makes, fabricates, constructs or remanufactures the relevant product or component part of a product before its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer, or that is owned in whole or in part by the manufacturer." K.S.A. § 60-3302(b). Based on the undisputed facts, New Horizons is not a manufacturer of the control board under Kansas law as it did not design, produce, make, fabricate, construct, or remanufacture the control

4

board nor did it hold itself out as a manufacturer. Rather, it merely installed the product into the RV and informed the consumer that the product would be warranted by Firefly.

With respect to the fourth element, the product was originally manufactured by Spyder but there is also evidence that Firefly may have held itself out as the manufacturer by branding the product. *See Haddock v. Metal Fusion, Inc.*, No. 05-2232-CM, 2006 WL 3718073, at *2 (D. Kan. Dec. 15, 2006). Firefly is subject to jurisdiction in this court and is currently a named defendant in this action. Further, there is evidence that a judgment against Firefly would be reasonably certain of being satisfied because Firefly is insured in an amount that is more than the damages being sought in this case.

Therefore, based on the undisputed facts, the court finds that New Horizons is entitled to summary judgment on the basis that it is an innocent seller.

## IV. Conclusion

Defendant New Horizons RV Corporation's motion for summary judgment (Doc. 91) is GRANTED.


IT IS SO ORDERED. Dated this 28th day of March 2024.

                                                 __ s/ John Broomes_____
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE